UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| HOMETOWN FOLKS, LLC, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-81 |
| ) | |
| S&B WILSON, INC., WILLIAM L. ) | Judge Mattice |
| WILSON, and SALLY B. WILSON, ) | |
| ) | |
|     *Defendants*. ) | |

## MEMORANDUM AND ORDER

Plaintiff Hometown Folks, LLC ("Hometown Folks") brings this action against Defendants S&B Wilson, Inc., William L. Wilson, and Sally B. Wilson, alleging causes of action for breach of contract and breach of the duty of good faith and fair dealing and seeking specific performance of a contract for the conveyance of real property. On July 14, 2006, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 seeking dismissal of all claims against them.

Before the Court is Plaintiff's Rule 56(f) Motion for an Order Continuing the Disposition of Defendants' Motion for Summary Judgment and Permitting the Plaintiff to Engage in Discovery.

For the reasons explained below, Plaintiff's Rule 56(f) Motion is **GRANTED**.

**I. ANALYSIS**

Plaintiff requests that the Court allow it to conduct discovery before being required to respond to Defendants' Motion for Summary Judgment. Defendants oppose the request, arguing that Plaintiff has not carried its burden to prove that a postponement of the Court's decision on their Motion for Summary Judgment is justified.

In *Celotex Corp. v. Catrett*, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, <u>after adequate time for discovery</u> and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." 477 U.S. 317, 322 (1986) (emphasis added). Although a party opposing a motion for summary judgment does not have an absolute right to additional time for discovery under Rule 56, *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989), the Sixth Circuit has stated as follows:

> The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. The non-movant bears the obligation to inform the district court of his need for discovery, however. . . . Thus, before a summary judgment motion is decided, the nonmovant must file an affidavit pursuant to Fed. R. Civ. P. 56(f) which details the discovery needed, or file a motion for additional discovery.

*Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1148-49 (6th Cir. 1996) (citations omitted).

Federal Rule of Civil Procedure 56(f) permits a court to allow discovery prior to ruling on a motion for summary judgment if "it appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition . . . ." Rule 56(f) has been interpreted to require that the party filing the affidavit indicate "its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Gettings v. Bldg. Laborers Local 310*, 349 F.3d 300, 305 (6th Cir. 2003); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). To meet this standard, the party filing the affidavit must present something more than general and conclusory statements. *Ball v. Union Carbide Corp.*, 385 F.3d 713,

-2-

720 (6th Cir. 2004). Thus, while there is no absolute right to additional time for discovery, if the nonmovant presents an affidavit that meets the requirements of Rule 56(f), the Court should allow time for discovery.

Rule 56(f) is not, however, "a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Emmons*, 874 F.2d at 356 (quoting *Willmar Poultry Co. v. Morton-Norwich Prods, Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)). Thus, "[w]here . . . a party fails to carry his burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified." *Id.* at 356-57 (quoting *Willmar Poultry*, 520 F.2d at 297).

Defendants contend that, because the issue raised in their summary judgment motion is an issue of law, rather than a question of fact, Plaintiff cannot adequately prove that there are any material facts it needs to uncover before responding to the motion. Further, Defendants contend that the affidavit submitted by Plaintiff fails to specify why Plaintiff cannot oppose Defendants' motion by affidavit. Defendants arguments are unpersuasive.

First, the affidavit submitted by Plaintiff does specify why Plaintiff cannot oppose Defendants' Motion for Summary Judgment by submitting an affidavit: the information needed is not known by Plaintiff or any of Plaintiff's representatives; rather, it is known by Defendants and Burger King Corporation. (Court Doc. No. 34-1, Fisher Aff. ¶¶ 11, 13.)

Second, the affidavit submitted by Plaintiff meets the requirements of Rule 56(f) as explained in *Gettings*, 349 F.3d 300, and *Cacevic*, 226 F.3d 483. With respect to the first requirement, the affidavit submitted by Plaintiff clearly indicates its need for discovery. (*Id.*) With respect to the second requirement, the affidavit submitted by Plaintiff indicates the

material facts Plaintiff hopes to uncover. Although Defendants attempt to frame their argument in their Motion for Summary Judgment as only an issue of law, there are factual components to their argument: whether Defendants expended more than $100,000 in repairs at the demand of Burger King Corporation, whether Burger King Corporation required Defendants to place an additional $89,000 in escrow for estimated additional repairs, and whether Burger King Corporation's consent to the transaction hinged only on the amount of money in the escrow account or also on other expenditures. It is precisely these factual issues to which Plaintiff wishes to direct its discovery, according to the affidavit. (*Id.* ¶¶ 12-13.) Defendants assert in their Motion for Summary Judgment that these facts are undisputed, and Plaintiff is simply requesting an opportunity to conduct discovery to determine whether those facts actually are undisputed. Whether Plaintiff will be able to discover facts sufficient to establish a genuine issue of material fact with respect to these issues is another question altogether – one best left for consideration in conjunction with Defendants' Motion for Summary Judgment. Plaintiff has, however, met its burden of identifying material facts that it hopes to uncover. With respect to the third requirement, the affidavit submitted by Plaintiff sufficiently states why Plaintiff has not previously discovered the information: because the Scheduling Order in this matter was only recently entered and because Defendants have resisted Plaintiff's attempt to depose the relevant witnesses. (*Id.* ¶¶ 4-8.)

Thus, the affidavit submitted by Plaintiff meets the requirements imposed by Rule 56(f), and the Court finds that Plaintiff is entitled to conduct discovery before being required to respond to Defendants' Motion for Summary Judgment. Additionally, because the Scheduling Order entered in this matter gave the parties a relatively short time within which

to conduct discovery, the Court will allow Plaintiff to conduct discovery until the deadline originally set by the Court. Plaintiff is, of course, required to comply with Magistrate Judge Carter's ruling with respect to Defendants' motions for protective orders [Court Doc. No. 55].

## II. CONCLUSION

For the reasons explained above, Plaintiff's Rule 56(f) Motion for an Order Continuing the Disposition of Defendants' Motion for Summary Judgment and Permitting the Plaintiff to Engage in Discovery [Court Doc. No. 31] is **GRANTED**. Plaintiff shall be permitted to conduct discovery until January 16, 2007, and Plaintiff's response to Defendants' Motion for Summary Judgment shall be due no later than February 5, 2007. The Court shall hold Defendants' Motion for Summary Judgment in abeyance until the earlier of February 5, 2007, or the filing of Plaintiff's response to such motion.

SO ORDERED this 28th day of August, 2006.

            *s/ Harry S. Mattice, Jr.*
            HARRY S. MATTICE, JR.
            UNITED STATES DISTRICT JUDGE