UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| HOMETOWN FOLKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 1:06-cv-81 |
| v. | ) | |
| | ) | Mattice/Carter |
| S & B WILSON, INC.; | ) | |
| WILLIAM L. WILSON; and | ) | |
| SALLY B. WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I. Introduction

Plaintiff moves to amend its first amended complaint (Doc. No. 146). A hearing was held on this motion on Friday, August 24, 2007, in which Attys. John Konvalinka and Charles Fischer participated for the plaintiff and Attys. Max Bahner and Tom Greenholtz participated for the defendants. For the reasons stated herein, it is RECOMMENDED that the plaintiff's Motion to Amend be DENIED.

II. Background

This action is a breach of contract claim arising from an agreement (the Agreement) between the plaintiff and the defendants for the defendants to sell eleven Burger King franchise restaurants to the plaintiff. In very simple terms, certain conditions were to be met under the Agreement before transfer of ownership of these eleven restaurants would be completed. Transfer of ownership never was completed, and the plaintiff has sued defendants for breach of contract seeking, *inter alia*, specific performance for the sale of the restaurants. At issue in this

1

particular motion for leave to amend is paragraph 22 of the first amended complaint which presently states, "Through no fault of the parties to the Agreement, <u>all</u> of the conditions to the parties' obligation to close the transactions were not satisfied within ninety days after the BKC Consent Date" (emphasis original). Plaintiff seeks to add this single phrase to the end of the sentence in paragraph 22 of the first amended complaint: "however, Seller had not fulfilled many of its obligations to close under the Agreement."

The Agreement provided for a ninety day period and a one hundred twenty day period, running concurrently, during which time certain conditions were to be met and transfer of ownership could occur. (First Amended Complaint ¶ 19). The ninety day and one hundred twenty day period were to begin immediately after the Burger King Corporation (BKC) gave its consent for the sale of the restaurants. *Id.* at ¶ 19. Under the terms of the Agreement, BKC's consent was one of the conditions to the sale of the restaurants. *Id.* at ¶ 15. BKC gave its consent on December 1, 2005. *Id.* at ¶ 20. If the sale of the restaurants did not close within the ninety day period, then the sale of the restaurants could close within the one hundred twenty day period, provided the requisite conditions were met. *Id.* at ¶ 19.

Other portions of the plaintiff's first amended complaint allege the defendants failed to fulfil certain obligations under the Agreement which were necessary to close the transactions within the one hundred twenty day period. (*See* First Amended Complaint ¶¶ 26, 27 and 40.) Paragraph 26 of the first amended complaint states, "Defendants failed to fulfill certain of their obligations under the Agreement that were necessary to close the transactions by the Outside Date." The "Outside Date" is defined as the end of the one hundred twenty day period. *Id.* at ¶ 19. Paragraph 27 states, " Because Defendants failed to fulfill certain of their obligations under

the Agreement that were necessary to close the transactions by the Outside Date, the Defendants did not, and do not, have the right to terminate the Agreement pursuant to section 9.1(d) of the Agreement." Paragraph 40 states, "Despite Plaintiff's efforts to close the transaction, Defendants refused to cooperate or fulfill their obligations under the Agreement." Nevertheless, plaintiff contends that the amendment is necessary in order to clarify its first amended complaint.

Plaintiff asserts clarification is necessary because the defendants have taken the position in their motion for summary judgment and in their reply brief to plaintiff's response that plaintiff has conceded the failure to close on the sale of the restaurants before March 1, 2006 (the 90 day period), was not defendants' fault. (*See* Defendants' Briefs, Doc. Nos. 128 at p. 8, n. 5 and 138 at pp. 18-19). Defendants arrive at the March 1, 2006 date by counting 90 days from December 1, 2005, the date plaintiff alleges in its first amended complaint that BKC gave its consent to the sale of the restaurants.

Plaintiff asserts that allowing the amendment would not materially change the first amended complaint; it would only clarify the plaintiff's already asserted claim that the defendants are at fault for the failure of the parties to close on the sale of the restaurants. On the other hand, defendants contend that the purpose of the proposed amendment is to back away from what defendants assert is the plaintiff's concession that the defendants are not at fault for the failure to close on the restaurants at any time before or on March 1, 2006.

### III. Analysis

There are two Federal Rules of Civil Procedure at play when considering a motion to amend a complaint: Rule 15 and Rule 16. Fed. R. Civ. P. 15(a) provides that "leave to amend shall be freely given where justice so requires." Under Rule 15(a), leave to amend is appropriate

3

"in absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc..." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003), (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Sixth Circuit in *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999) discusses the prejudice component of the Rule 15(a) analysis:

> To deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). The Moore case emphasizes the need for the district court to give reasons for its decision, and the importance of naming prejudice to the opponent. The court noted that "delay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced." *Moore*, 790 F.2d 557, 560 (quoting 3 *Moore's Federal Practice*, ¶15.08 at 15.76). At least one Sixth Circuit decision has held that allowing amendments after the close of discovery creates significant prejudice, and other Circuits agree. *Moore*, 790 F.2d at 560 (citing with approval *Hayes v. New England Millwork Distributors, Inc*, 602 F.2d 15 (1st Cir. 1979)); *See also Campbell v. Emory Clinic*, 166 F.3d 1157 (11th Cir. 1999); *MacDraw, Inc. v. CIT Group Equip. Financing, Inc.*, 157 F.3d 956 (2d Cir. 1998); *Ferguson v. Roberts*, 11 F.3d 696 (7th Cir. 1993); *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196 (3rd Cir. 1989).

Before the undersigned examines the plaintiff's motion to amend under Rule 15(a), however, the Court must first consider the plaintiff's motion in light of Fed. R. Civ. P. 16(b). *Leary*, 349 F.3d at 909 ("[B]ecause [plaintiff's] motion to amend was filed after the scheduling order's deadline, [plaintiff] must first demonstrate good cause under Rule 16(b) before we will consider whether the amendment is proper under Rule 15(a)") (quoting *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). The 1983 amendments to the Federal Rules of Civil Procedure revised Rule 16 to place a timing restriction on amendments to pleadings. *Id.* at 906. Rule 16 provides the district judge shall enter a scheduling order that, *inter alia*, limits the time

to join other parties and amend the pleadings.[1] Rule 16(b); *Leary*, 349 F.3d at 906. "The Rule is designed that at some point both the parties and the pleadings shall be fixed, [and] [t]he Rule permits modification of the scheduling order upon a showing of good cause and by leave of the district judge." *Leary*, 349 F.3d at 906 (internal citation omitted); *see also* Rule 16(b). There are two factors to consider when evaluating whether good cause has been shown to allow a party to amend his pleading after the deadline has passed: first, the party must show he has used due diligence in attempting to meet the case management order's deadlines and second, whether the opposing party will suffer prejudice if the amendment is allowed. *Leary*, 349 F.3d at 906; *Gardner v. Wayne County*, 2007 WL 2325065 *2 (E.D. Mich. Aug. 15, 2007); *Kaylor v. Radde*, 2005 WL 282851 * 2 (N.D. Ohio Feb. 3, 2005).

Plaintiff moves to amend the first amended complaint essentially because plaintiff believes the defendants have misconstrued its complaint and are seeking to take advantage of this misconstruction in their motion for summary judgment. Plaintiff filed this action on April 3, 2006. According to the plaintiff, the proposed amendment makes no substantive changes to its claims; it simply clarifies the claim. To the extent the plaintiff thinks the first amended complaint does not clearly or adequately set forth the factual basis for its claims against the

---

[1] Rule 16(b) states in relevant part:

the district judge ... shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
(1) to join other parties and to amend the pleadings....
        *      *      *
A schedule shall not be modified except upon a showing of good cause and by leave of the district judge....

defendants, plaintiff has had ample time to make an amendment before the April 27, 2007 deadline. I do not find an argument made by opposing counsel in a motion for summary judgment to be "good cause" to allow an amendment of the complaint after the deadline for amendments has expired.

The prejudice component of the Rule 16 analysis overlaps with the prejudice component of the Rule 15(a) analysis. *See Kaylor v. Radde*, 2005 WL 282851 * 2 ("The 1983 Amendments to the Federal Rules of Civil Procedure created overlap between the 'freely given' standard of Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 16(b)'s scheduling order deadline for amending pleadings.")

*Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999) is a case remarkably similar to the instant case for purposes of the plaintiff's motion to amend. In *Duggins*, the plaintiff, who had been aware of the basis of her new claim for many months, sought to amend her complaint after the close of discovery, after a motion for summary judgment was pending, and after the dispositive motion deadline had expired. The Sixth Circuit held the district court did not abuse its discretion in denying plaintiff's motion to amend in such circumstances. *Id*.

In the instant case, when the plaintiff moved to amend its first amended complaint on August 6, 2007; the discovery deadline (May 31, 2007), the deadline to amend pleadings, (April 27, 2007), and the dispositive motions deadline, (June 11, 2007) had all expired. Furthermore, defendants' dispositive motion was pending. To the extent that the proposed amendment makes no substantive changes to the plaintiff's present claims against the defendants, as the plaintiff argues, it is unnecessary to allow the amendment. The District Court can capably examine the

complaint and determine what the plaintiff concedes in its complaint and what the plaintiff does not concede.

To the extent the plaintiff's proposed amendment makes a new factual allegation against the defendants, as the defendants argue it does, the motion to amend comes too late. The defendants expressly argue that the purpose of this proposed amendment is to circumvent defendants' motion for summary judgment. While the defendants do not use the specific word "prejudice," their argument is essentially that: use of a proposed amendment to circumvent a pending motion for summary judgment, especially after the discovery and dispositive motions deadlines have expired, is prejudicial. Moreover, requiring the defendants at trial to address a new factual allegation added after the discovery period has closed is significantly prejudicial. *See Gormley v. Precision Extrusions, Inc.,* 174 Fed.Appx. 918, 921 (6th Cir. 2006) ("We have repeatedly held that allowing amendment after the close of discovery creates significant prejudice.")

## IV. Conclusion

Accordingly, for the reasons set forth herein, it is RECOMMENDED that the plaintiff's Motion to Amend its first amended complaint be DENIED.[2]

 

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).