UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| HOMETOWN FOLKS, LLC, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 1:06-cv-81 |
| ) | Judge Mattice |
| v. ) | |
| ) | |
| S&B WILSON, INC., WILLIAM L. ) | |
| WILSON, and SALLY B. WILSON, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's objection [Court Doc. No. 152] to Magistrate Judge Carter's Memorandum and Order [Court Doc. No. 144] denying Plaintiff's motion to compel defendant William L. Wilson's response to interrogatories and requests for production [Court Doc. No. 79] and granting Defendants' motion for a protective order with regard to discovery requests served on William L. Wilson [Court Doc. No. 87].

For the reasons stated below, Plaintiff's Objection is **OVERRULED**.

**I.     STANDARD**

With respect to nondispositive pretrial matters assigned to a magistrate judge for decision, a district court may reconsider the magistrate judge's decision on such matters and may overturn the decision only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Banner v. City of Flint*, 99 F. App'x 29, 35 (6th Cir. 2004).

**II.     BACKGROUND**

The relevant background is thoroughly set out in Magistrate Judge Carter's Memorandum and Order denying Plaintiff's motion to compel and granting Defendants'

motion for a protective order. (Court Doc. No. 144.) Plaintiff has not objected to Magistrate Judge Carter's factual background and does not object to Magistrate Judge Carter's Memorandum and Order on a factual basis. The Court therefore **ADOPTS** by reference the Relevant Facts section of Magistrate Judge Carter's Memorandum and Order [Court Doc. No. 144 at 1-13].

## III. ANALYSIS

Rule 33 of the Federal Rules of Civil Procedure governs the time provided to respond to interrogatories and requests for production. It states: "all grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. Proc. § 33(b)(4).

Magistrate Judge Carter found that it was likely that the Defendants had failed to state a specific objection to Plaintiff's interrogatories in a timely manner. (Court Doc. No. 144 at 15.) He denied the motion to compel, however, because "good cause exists to excuse what is arguably a technically late assertion of an objection." (*Id.*) Plaintiff objects to this ruling, claiming that "there is no evidence to support a finding of good cause." (Court Doc. No. 152 at 8.)

Magistrate Judge Carter's Memorandum and Order explained the basis for his good cause finding. (Court Doc. No. 144 at 15-16.) The facts show that there was a dispute over whether, at a prior hearing, the parties had reached an agreement as to Mr. Wilson's role in this action. (*Id.* at 3-4, 15.) Following that hearing, on November 3, 2006, Magistrate Judge Carter entered an order that reflected his understanding of the parties'

agreement. (Court Doc. No. 71.) The November 3, 2006 order did not, however, mention Mr. Wilson's physical or mental condition and did not rule on his capacity as a witness, although such issues had been discussed at the prior hearing. (*Id.*)

At some point, Plaintiff served Mr. Wilson with interrogatories and requests for production. Defendants objected and relied on the November 3, 2006 order. (Court Doc. No. 133 at 16.) Defendants also renewed their motion for a protective order. (*Id.*)

In its motion to compel, Plaintiff argued that Defendants had not objected to its interrogatories and requests for production with specificity within the time allowed by Rules 33 and 34. (Court Doc. No. 79 at 5-6.) Plaintiff contended that Defendants' objection citing to the November 3, 2006 order does not meet the requirement of a specific objection. (*Id.*) Plaintiff also argued that the November 3, 2006 order related only to the Plaintiff's ability to depose Mr. Wilson and that it did not have any impact on Mr. Wilson's duty to respond to interrogatories and requests for information. (*Id.*) Magistrate Judge Carter found that "there was no doubt that the purpose of the [November 3, 2006 order] was to resolve those issues raised by the defendants' motion for a protective order. I conclude that plaintiff should have been aware by reference to the November 3, 2006 order and discussions that preceded it that defendants were raising Mr. Wilson's mental and physical conditions as a basis for objecting to the written discovery." (Court Doc. No. 144 at 16.) Accordingly, he found that good cause existed to excuse what could be construed as a late objection to the interrogatories and requests for production and granted Defendants' motion for a protective order. (*Id.* at 15.)

Plaintiff now argues that Magistrate Judge Carter's Memorandum and Order was clearly erroneous. (Court Doc. No. 152 at 7-9.) "A finding is 'clearly erroneous' when

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

The Court's review of the entire record in this case does not leave it with a conviction that a mistake has been committed. Plaintiff was well aware of Mr. Wilson's physical and mental limitations at the time Defendant objected to Plaintiff's interrogatories and requests for production. Magistrate Judge Carter's denial of Plaintiff's motion to compel was not clearly erroneous.

Rule 601 of the Federal Rules of Evidence states that "[e]very person is competent to be a witness except otherwise provided in these rules." *See also U.S. v. Phibbs*, 999 F.2d 1053, 1068 (6th Cir. 1993). Rule 603 is an exception to the general rule of competency. It states: "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." Fed. R. Evid. 603. The United States Court of Appeals for the Sixth Circuit has held that Rule 603 allows the Court to exclude any witness who cannot "take or comprehend an oath or affirmation." *United States v. Ramirez*, 871 F.2d 582, 584 (6th Cir. 1989).

Defendants have produced substantial evidence showing that Mr. Wilson is suffering from severe dementia. Plaintiff has not disputed any of this evidence and has declined to present its own medical proof. (Court Doc. No. 144 at 5.) The parties deposed Mr. Wilson's treating physician, Dr. Owens. Dr. Owens stated that Mr. Wilson would be an incompetent witness and that Mr. Wilson's testimony "would be analogous to a person -

a blind person running an obstacle course or a crippled person running a race." (*Id.* at 11.) In response to whether Dr. Owens believed that Mr. Wilson could comprehend whether he was telling the truth or telling a lie, Dr. Owens stated "having known him twenty-five years, I would say Mr. Wilson is a person of impeccable integrity. I don't think he would knowingly lie but he is so impaired, I know he gave me false answers in trying to help me answer the questions, so I don't think it would be intentional." (*Id.* at 12.) Dr. Owens stated that he did not think Mr. Wilson would be able to say "I don't know" if he truly didn't know the answer to a question. (*Id.*) Dr. Owens believed that Mr. Wilson would give a false answer without knowing that the answer was, in fact, false because Mr. Wilson does not have the capacity to determine whether he knows an answer or not. (*Id.*)

The Court finds that it would be futile to administer an oath requiring Mr. Wilson to testify truthfully. The undisputed medical evidence shows that Mr. Wilson does not have the capacity to understand whether he is being truthful or not. Because Mr. Wilson cannot comprehend the oath requiring him to testify truthfully, he is not competent to be a witness under Rule 603.

Furthermore, the Court has the authority to exclude any evidence as to which "probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403; *U.S. v. Phibbs*, 999 F.2d at 1069-70 (holding that district court has the authority to exclude evidence under Rule 403 "in light of [the witness's] past or present mental state.") The Court cannot see what possible probative value any information gained from Mr. Wilson could have on this case. The undisputed medical evidence shows that he does not understand whether he is telling the truth or not. Any information gained from Mr. Wilson at this point would be more likely to mislead the

jury or confuse the issues than to be probative or reliable.

Moreover, Federal Rule of Civil Procedure 26(b)(2)(C) states:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Under Rule 26, the Court can limit discovery, including interrogatories and requests for production, if it finds that the burden of such discovery outweighs any possible benefit. As discussed above, the undisputed medical evidence shows that Mr. Wilson is not capable of understanding whether he is telling the truth or not. Thus, the Court does not see what benefit would be gained by forcing him to respond to Plaintiff's discovery requests.[1]

Accordingly, Plaintiff's Objection [Court Doc. No. 152] to Magistrate Judge Carter's Order denying Plaintiff's motion to compel and granting Defendants' motion for a protective order is **OVERRULED**.

SO ORDERED this 18th day of October, 2007.

                                                                                     */s/Harry S. Mattice, Jr.*
                                                                                    HARRY S. MATTICE, JR.
                                                                         UNITED STATES DISTRICT JUDGE

---

[1] Mr. Wilson's attorney has represented that Mr. Wilson does not personally have any of the documents requested by the Plaintiff. (Court Doc. No. 87 at 2-3; Court Doc. No. 144 at 14.) Because Mr. Wilson is incapable of knowing what documents he does and does not have, the Court will rely on his counsel's representation that Mr. Wilson does not personally have any of the documents requested by the Plaintiff.