UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

HOMETOWN FOLKS, LLC,            )
                                )
   *Plaintiff*,                )
                                )   Case No: 1:06-cv-81
v.                              )
                                )   Judge Mattice
S&B WILSON, INC., WILLIAM L.    )
WILSON, AND SALLY B. WILSON,    )
                                )
   *Defendants*.              )

# MEMORANDUM AND ORDER

Before the Court is Plaintiff's Second Motion to Amend/Revise its Complaint. [Court Doc. No. 146] Magistrate Judge Carter issued a Report and Recommendation on August 31, 2007 recommending Plaintiff's motion be denied. (Court Doc. No. 159.) For the reasons discussed below, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's findings of fact, conclusions of law, and recommendation in his R&R [Court Doc. No. 159]. Accordingly, Plaintiff's Second Motion to Amend/Revise Complaint [Court Doc. No. 146] is hereby **DENIED**.

## I.   STANDARD OF REVIEW

Magistrate Judge Carter entered a Report and Recommendation ("R&R) that recommended the Court deny Plaintiff's Motion to Amend the Complaint. (Court Doc. No. 159.) Plaintiff filed timely objections to the R&R.

Plaintiff asks the Court to "modify or set aside" the R&R and states that the R&R is a non-dispositive pre-trial order. (Court Doc. No. 166 at 3.) Plaintiff contends that the Court is to review the R&R under the "clearly erroneous" standard. (*Id*.) However,

Magistrate Judge Carter's R&R is not a pre-trial order. Magistrate Judge Carter did not rule on Plaintiff's motion to amend. He filed a Report and Recommendation recommending that *this Court* enter an order denying Plaintiff's motion to amend. Thus, there is no non-dispositive pre-trial order for this Court to review.

Instead, when timely objections are filed to an R&R, the Court must conduct a *de novo* review of those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may then accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. *Id.*

## II.    FACTS

The relevant facts are outlined in the R&R. (Court Doc. No. 159 at 1-3.) Neither party has objected to the R&R's statement of facts or to any of Magistrate Judge Carter's factual findings. Therefore, the Court **ACCEPTS AND ADOPTS** by reference Maginstrate Judge Carter's statements of the procedural and factual background contained in the R&R. (Court Doc. No. 159 at 1-3.)

## III.    ANALYSIS

Plaintiff objects to the R&R claiming that Magistrate Judge Carter failed to apply the appropriate legal standard. (Court Doc. No. 166 at 4-5.)

The Scheduling Order in this case states that the deadline for amending pleadings was April 27, 2007. (Court Doc. No. 121.) The dispositive motion deadline was June 11, 2007. (*Id.*) Defendant filed its motion for summary judgment on June 11, 2007 and its reply to Plaintiff's response to Defendant's motion for summary judgment on July 20, 2007. (Court Doc. Nos. 127 & 138.) Plaintiff moved to amend its complaint on August 6, 2007.

(Court Doc. No. 146.)

Rule 16(b) allows a party to amend its pleadings after the deadline for amending pleadings in the scheduling order has passed if the party can show "good cause" for their failure to comply with the original deadline. *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). Whether a party has good cause is based on two factors: whether the party diligently attempted to meet the scheduling order's deadlines and whether the opposing party will suffer prejudice if the amendment is allowed. *Id.* at 906.

The R&R explicitly sets out this legal rule and then applies the rule to the underlying facts. (R&R at 5.) Plaintiff's contention that Magistrate Judge Carter failed to apply the appropriate legal standard is therefore incorrect.

Plaintiff claims that it has demonstrated that it acted diligently in moving to amend its complaint and that Defendant would not be prejudiced by the proposed amendment. (Court Doc. No. 166 at 5-10.) Magistrate Judge Carter found that Plaintiff was not diligent in attempting to meet the scheduling order's deadline for amending pleadings stating "plaintiff has had ample time to make an amendment before the April 27, 2007 deadline." (R&R at 6.) Magistrate Judge Carter also found that Defendant would be prejudiced by Plaintiff's proposed amendment. He stated "use of a proposed amendment to circumvent a pending motion for summary judgment, especially after the discovery and dispositive motions deadlines have expired, is prejudicial. Moreover, requiring the defendants at trial to address a new factual allegation added after the discovery period has closed is significantly prejudicial." (R&R at 7.)

After conducting a *de novo* review by carefully reviewing the record, the arguments of the parties, and the applicable law, the Court finds Magistrate Judge Carter's findings

to be supported by the weight of the evidence and his legal analysis to be correct under the relevant law. Accordingly, the Court **ADOPTS** Magistrate Judge Carter's R&R and fully incorporates the R&R in this Memorandum and ORDER as the Court's opinion.

## IV. CONCLUSION

The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's findings of fact, conclusions of law, and recommendation contained in his R&R [Court Doc. No. 159]. Plaintiff's Second Motion to Amend/Revise Complaint [Court Doc. No. 146] is **DENIED**.

SO ORDERED this 18th day of October, 2007.

                                                  */s/Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE